174 March 19, 2025 No. 244

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. W. C., Jr.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. W. C.,
*Appellant.*

Jackson County Circuit Court
20JU03120; A185109

David G. Hoppe, Judge.

Submitted February 4, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Father appeals from a judgment changing the permanency plan for his son, R, from reunification to adoption. Father argues that the juvenile court erred when it concluded that DHS made reasonable efforts to reunite R with father and that father made insufficient progress for R to safely return home. We are bound by the juvenile court's findings if there is any evidence in the record to support them and review its conclusions about reasonable efforts and a parent's progress for errors of law, *Dept. of Human Services v. C. H.*, 373 Or 26, 48-49, 559 P3d 395 (2024), and affirm.

We have reviewed the evidence and the juvenile court's findings and conclude that the juvenile court correctly found that DHS made reasonable efforts and that father had not made sufficient progress to have R return home. In particular, as the juvenile court found, DHS offered father extensive services over several years and father did not engage in those services, save for visits. Although father argues that the services were not aimed at ameliorating the single jurisdictional basis—that father "does not understand the basic needs of the child and lacks the skills and/or knowledge necessary to safely parent" R—the record reflects that the services were directly related to that jurisdictional basis. Given father's failure to engage in those services and given father's concerning conduct during the single service he did engage in (visits), the juvenile court correctly concluded that father had not made sufficient progress to enable R to return to his care.

Affirmed.